Monday, March 28. The Judges deliyered their opinions.
Judge Tucker..
The appellants brought a writ of right in the County Court, and filed their count. After several continuances for a plea, there is this entry, “ Usual plea, and time to reply,” to which, at another, there is this entry, “ Joinder.” The parties went to trial, and there was a verdict and judgment for the defendant. This judgment was affirmed by the District Court.
By the County Court law,(a) in all cases v/here the title or bounds of land is drawn in question, the pleadings must be all in writing-, and ar.e t© be entered at large with the judgment thereupon, in particular books kept for that purpose. The act for reforming proceedings in writs of right,(b) affords the defendant a proper form of which he may avail himself if he thinks proper. If he neglects so to do, and especially if he offer no plea in writing at all, he shall not have any advantage of his own neglect. Where there is no plea in writing in suits concerning lands, there can be no issue joined: the one is a preliminary to the other.
In writs of right, which are conclusive, whichever way they may be determined, it appears to me to be absolutely necessary to hold the parties to regular pleadings. Otherwise, instead of deciding mere right, they may be the means of establishing extensive wrong. I therefore think the judgment must be reversed, and all the proceedings subsequent to the count set aside, and a repleader awarded.
Judges Roane and Fleming being of opinion that the judgments ought to be reversed, and a repleader awarded, the following was entered as the opinion, of the whole Court, (absent Judge Lyons.)
*164 Judgments of County and District Courts reversed, .and it is ordered, “ that the pleadings and all other pro- “ ceedings in the said County Court subsequent to the “ count be set aside, and that the parties do proceed and “ plead anew;”.

 Ed. 1794 c. 67. sect. 34.

 Ibid. c. 27.